

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 16, 1957.

Honorable Wm. J. Burke,
Executive Director,
State Board of Control,
Austin, Texas.

Opinion No. WW-134

Re: Does the Board of Control have authority to waive performance under a construction contract awarded on bids when the contractor later claims that he did not include certain items in his bid which were shown on the drawings made a part of the bid invitation?

Dear Mr. Burke:

You have requested our opinion on the following question:

"Does the Board of Control have authority to waive performance under a construction contract awarded on bids when the contractor later claims that he did not include certain items in his bid which were shown on the drawings made a part of the bid invitation?"

In reply to our request for additional information, you have stated:

"Bids were originally received for this project on June 9, 1955 and were rejected due to the fact that they exceeded the appropriation. The window schedule on Sheet 506-3 of drawings in Group 5, Division A calls for venetian blinds in certain windows of Building 506. Venetian blinds were not indicated in any other part of the plans and specifications. However, in the second paragraph under Art. 9 of the General Conditions of the Specifications is the following statement, 'Unless otherwise specified, all materials shall be new and both workmanship and materials shall be of good quality. The Contractor shall, if required, furnish satisfactory evidence as to the kind and quality of materials.'

"Bids were received on the revised plans
and specifications on July 14, 1955, and the
contract was awarded to S. O. & C. D. Yar-
brough Construction Co.  The plans and speci-
fications relating to the venetian blinds were
not changed in any way in the revised set.

"If the plans and specifications concerning
venetian blinds were changed, they were changed
by the Architects prior to the original advertise-
ment for bids and issuance of the plans and speci-
fications to bidders."

Under agreement dated August 16, 1955, S. O. and C.D.
Yarbrough Construction Co. has agreed to provide all the
materials and perform all of the work as shown by the draw-
ings and described in the specifications prepared by Fehr
and Granger, and Niggli and Gustafson, associated Architects,
and under the agreement the drawings and specifications pre-
pared by such Architects are made a part of the contract for
all purposes.

In the drawings of Group V, Division A, Sheet 3, the
window schedule contained therein requires that venetian
blinds shall be affixed to the windows of Building No. 506.
In the written specifications there are no specific details
written concerning these venetian blinds.  However, in the
second paragraph of Article 9, of the General Conditions of
the specifications, the following statement is found:

"Unless otherwise specified, all materials
shall be of good quality.  The Contractor shall,
if required, furnish satisfactory evidence as to
the kind and quality of materials."

Since the Contractor has agreed to install venetian
blinds to the windows of Building 506 by agreeing to perform
all of the work and furnish all materials called for in the
drawings and since this was a condition upon which all bid-
ders were required to bid, it is our opinion that the Board of
Control does not have the authority to waive the performance
of this condition of the contract, and that the Contractor
is required to install venetian blinds in accordance with the
provisions of the General Conditions above quoted.

The above answer to your question is not to be con-
strued as preventing the Board of Control from entering a
change order for removing the venetian blinds from the con-
tract, provided appropriate credits are given by the Con-

tractor, pursuant to the specifications.

### SUMMARY

The Board of Control does not have
authority to waive performance under
a construction contract awarded on
bids, when the contractor later claims
that he did not include certain items
in his bid, which were shown on the
drawings made a part of the bid
invitations.

Yours very truly,

WILL WILSON
Attorney General

By John Reeves
John Reeves
Assistant

JR:pf:rh

APPROVED:

OPINION COMMITTEE

H. Grady Chandler,
          Chairman
L. P. Lollar
J. L. Smith
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL

By:  Geo. P. Blackburn